COMMERCIAL NATIONAL BANK OF KANSAS CITY, Plaintiff,

v.

Robert E. TAPP, et al., Defendants.

TAPP ENTERPRISES, et al., Plaintiffs,

v.

COMMERCIAL NATIONAL BANK OF KANSAS CITY, Defendant.

Civ. A. Nos. 83–2404, 86–2155.

United States District Court,
D. Kansas.

June 27, 1989.

John J. Jurcyk, Jr., Daniel F. Church, Robert F. Rowe, Jr., McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for plaintiffs.

Edmund P. Tapp, Jr., Lucille Tapp, Edmund Tapp & Sons and Edmund P. Tapp, Jr. & Sons Trust Estate, pro se.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on Commercial National Bank's motion for sanctions against Edmund Tapp for his failure to appear at a scheduled deposition on May 1, 1989, and Commercial National Bank's motion for sanctions against Lucille Tapp for her failure to appear for a scheduled Rule 35 physical/mental exam, her failure to appear for a scheduled deposition, and her failure to appear at a pretrial conference. Additionally, Edmund Tapp moves the court for the protection of Lucille Tapp from Commercial National Bank and its lawyers.

The court concludes that sanctions are in order. The Tapps claim that they did not receive notice of the depositions, yet admit that the notice was mailed to their proper address in Mexico. Additionally, the Tapps claim that they failed to appear for the scheduled discovery because of ill health and the inconvenience of travelling to Kansas from their home in Mexico, a distance of over two thousand miles. However, Edmund Tapp did appear at the pretrial conference on the same day his deposition was scheduled, May 1, 1989, and Lucille Tapp has recently appeared at another pretrial conference. Therefore, the court finds unconvincing their excuses for not appearing at previously scheduled discovery. Furthermore, had the Tapps' wanted to reschedule the noticed depositions and physical/mental examination, they should have so moved the court.

Appropriate sanctions for Lucille Tapp's failure to appear for her ordered Rule 35 examination, her noticed deposition, and a pretrial conference, as well as Edmund Tapp's failure to appear for his noticed deposition, are found in Federal Rule of Civil Procedure 37(b)(2). *See* Fed.R.Civ.P. 37(b)(2), 37(d), 16(f). One sanction available, and the one requested by Commercial National Bank, is the striking of the disobedient parties' pleadings. Given Lucille Tapp's flagrant disregard of the court's Rule 35 order, its scheduling order, and both Lucille Tapp's and Edmund Tapp's failure to appear at their scheduled depositions, the court believes that striking their counterclaims is an appropriate sanction, especially since the above-described discovery was related to those counterclaims.

**696**

With regard to Edmund Tapp's motion requesting protection of Lucille Tapp, the court has insufficient information to make an informed ruling: it is unclear what Edmund Tapp wants Lucille Tapp to be protected from. Additionally, Edmund Tapp is not Lucille Tapp's counsel; it is therefore inappropriate for him to make the motion on her behalf.

IT IS THEREFORE ORDERED that Commercial National Bank's motion for sanctions is granted. The clerk is directed to strike the counterclaims of Edmund Tapp and Lucille Tapp.

IT IS FURTHER ORDERED that Edmund Tapp's motion for protection of Lucille Tapp is denied.